IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY J. ROBINSON | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3-09CV1203-O |
| | § | |
| RADIO ONE, INC. AND RICKEY SMILEY, | § | |
| Defendants. | § | |

## DEFENDANT RADIO ONE'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION FOR FAILURE TO STATE A CLAIM, WITH BRIEF IN SUPPORT

Defendant Radio One of Texas II, LLC ("Radio One"), incorrectly named as Radio One, Inc., moves the Court for an order pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) dismissing this entire action as to it, with prejudice, for failure to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is proper based upon the following facts.

### I.    GROUNDS FOR THE MOTION

Radio One requests that the motion herein be granted because the Original Petition:

1. fails to state a claim, in whole or in part, upon which relief can be granted under FED. R. CIV. P. 12(b)(6);

2. fails to allege sufficient facts supporting the allegation that the radio broadcast was defamatory;

3. fails to allege sufficient facts supporting the allegation that the radio broadcast concerned Plaintiff; and

4. fails to allege sufficient facts to establish Radio One's liability for Rickey Smiley's statements at Dallas Love Field Airport.

DEFENDANT RADIO ONE'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL
PETITION FOR FAILURE TO STATE A CLAIM, WITH BRIEF IN SUPPORT
DAL01:1087340.3

Page 1

## II. SUMMARY OF THE MOTION

Plaintiff's Original Petition fails to state a claim upon which relief can be granted. No facts amended to it will cure this defect. The facts alleged by Plaintiff in Paragraphs 11-13 do not support a claim for defamation. First, the radio broadcast that forms part of the basis of Plaintiff's complaint does not contain defamatory statements and fails to identify Plaintiff. *See* Original Petition ¶ 13. Second, Rickey Smiley's alleged statements at Dallas Love Field Airport were made by Smiley alone. *See id.* at ¶ 12. Radio One did not publish any statements as part of this occurrence—regarding Plaintiff or otherwise—and cannot therefore be subject to liability based upon this claim.

## III. FACTUAL BACKGROUND

Radio One of Texas II, LLC owns and operates 97.9 The Beat, a Dallas-based radio station that broadcasts in various cities throughout the country. Stand-up comedian and radio personality Rickey Smiley "is a nationally known celebrity appearing on [97.9] and network stations such as Black Entertainment Television[]." *Id.* at ¶ 11. Smiley hosts *The Rickey Smiley Morning Show*, which airs on 97.9 from 6:00 a.m. to 10:00 a.m. on weekday mornings. The show consists of various comedic segments, including prank phone calls and fake product advertisements.

Plaintiff is a former security guard at Dallas Love Field Airport. He alleges that while on duty sometime in February 2009, Smiley entered the airport after disembarking from his plane, and "immediately numerous people in the airport recognized [him] and wanted to take pictures with him." *Id.* Plaintiff requested a photo and Smiley obliged. *Id.* at ¶ 12. After a second request, Plaintiff alleges that Smiley called him "the gay security guard" and "faggot" and that his colleagues and others heard the statements. *Id.* Plaintiff further alleges that later in February

2009 and during a segment of *The Rickey Smiley Morning Show*, Smiley again referenced "the gay security guard." *Id.* at ¶ 13.

Plaintiff subsequently sued Radio One and Rickey Smiley in the 193rd Judicial District in Dallas County, alleging that Smiley's statements in the airport and the February 2009 radio broadcast were defamatory and caused him injury. *See id.* at ¶ 15. Plaintiff is currently unemployed and has requested damages for loss of earnings in the past, loss of earning capacity in the future, mental anguish in the past, and mental anguish in the future. *See id.* at ¶ 16. On June 26, 2009, Radio One removed the case to this Court on diversity of citizenship grounds.

## IV. SUPPORTING BRIEF—ARGUMENT AND AUTHORITIES

### A. Motion to Dismiss Standard.

Rule 12(b)(6) motions test the legal sufficiency of the claims asserted in a complaint. "[I]n order to survive a 12(b)(6) motion to dismiss, the factual allegations in the complaint 'must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true, even if doubtful in fact.'" *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 575 (N.D. Tex. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While the court must accept all well-pleaded facts in the complaint as true, it need not strain to find inferences favorable to the plaintiff. *See Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 774 (N.D. Tex. 2007). Further, the court may not accept a plaintiff's conclusory allegations—"a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A defendant's 12(b)(6) motion must show that no set of facts in support of the claims would entitle the plaintiff to the relief requested. *See Tuchman v. DSC Comms. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

DEFENDANT RADIO ONE'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION FOR FAILURE TO STATE A CLAIM, WITH BRIEF IN SUPPORT
DAL01:1087340.3

Page 3

In considering the motion, the district court is limited to the pleadings and attachments thereto. Documents attached to the motion to dismiss, however, may also be considered when they are referred to in the plaintiff's complaint and central to the claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

**B.   Plaintiff's Defamation Claim Fails as a Matter of Law.**

A defamation claim requires a plaintiff to prove that: (1) the defendant published a statement of fact; (2) the statement was defamatory; (3) the statement concerned the plaintiff; (4) the statement was false; (5) in the case of a non-public-figure plaintiff, the defendant acted with negligence as to the truth of the statement; and (6) the plaintiff suffered pecuniary injury. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).[1] Whether a statement is defamatory is a question of law for the court. *See Gumpert v. ABF Freight Sys., Inc.*, No. 05-07-01717-CV, 2009 WL 1395906, at *5 (Tex. App.—Dallas May 20, 2009, no pet.). In this case, Plaintiff's claim fails as to each element because Smiley's on-air statements were not assertions of fact and did not concern Plaintiff.

    **(1)   Plaintiff's defamation claim as related to Smiley's radio broadcast should be dismissed because the statements were not defamatory.**

        *a.   Parody and Satire are Not Defamatory.*

In *Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 774-76 (N. D. Tex. 2007), this Court dismissed a factually-similar defamation case for failure to state a claim. Busch, a bodybuilder, sued Jon Stewart, the host of *The Daily Show with Jon Stewart*, a satirical-news television show on Comedy Central, and Viacom, the owner of the television station. Busch alleged that Stewart's use of his image in a fake endorsement for dietary supplements during a segment of the

---

[1] *See also Swate v. Schiffers*, 975 S.W.2d 70, 74 (Tex. App.—San Antonio 1998, pet. denied) (noting that the plaintiff must prove that the alleged defamatory statements caused injury).

show defamed him and misappropriated his image. *Id.* at 769. The defendants removed the case to the Northern District and moved to dismiss—Stewart under Rule 12(b)(2) for lack of personal jurisdiction and both Stewart and Viacom under Rule 12(b)(6) for failure to state a claim. *Id.* After reviewing a DVD of the broadcast, which was attached to Viacom's motion to dismiss, this Court granted both motions, dismissing the 12(b)(2) motion without prejudice and the 12(b)(6) motion with prejudice. *Id.* at 777.

Busch failed to state a defamation claim because Stewart made no assertions of fact about him and he was never identified during the comedy sketch. *Id.* at 775. This Court held further that, as a matter of law, "no reasonable viewer would have perceived that the challenged clip contained assertions of fact about Plaintiff." *Id.* The Daily Show is a satirical program, and satire or parody is mutually exclusive of defamation. *See* 50 Am. Jur.2d *Libel and Slander* § 156 (2009). To determine whether a reasonable viewer would have perceived that the challenged statements contained assertions of fact, "the question is not whether some actual [viewers] were misled, as they inevitably will be, but whether the hypothetical reasonable [viewer] could be." *Busch*, 477 F. Supp. 2d at 775 (citing *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 150, 157 (Tex. 2004) (reversing the trial court and court of appeals and holding that a satirical article in the *Dallas Observer* was not defamatory because a reasonable reader would have understood that the article was a joke, and not an assertion of fact)).

Similarly, in *Gumpert*, 2009 WL 1395906, at *1, two freight drivers sued their employer and several co-workers for libel, conspiracy, and discrimination under the Texas Labor Code. The drivers' claims were based upon crude flyers posted at their employer's place of business by the co-workers, which implied that the drivers were homosexual. *Id.* The trial court granted summary judgment in favor of the defendants and a Texas court of appeals affirmed. In
DEFENDANT RADIO ONE'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL  Page 5
PETITION FOR FAILURE TO STATE A CLAIM, WITH BRIEF IN SUPPORT
DAL01:1087340.3

addressing the libel claims, the court of appeals concluded that as a matter of law, the flyers were not defamatory. *Id.* at *5. The court explained that the requisite test is whether a person of ordinary intelligence would perceive the publication as describing actual facts about its subject. *Id.* To make this determination, the court must look to the circumstances surrounding the publication. *Id.* Here, when viewed in context of the "ridiculous events" described in the flyers and the co-workers' history of posting other satirical material, the court determined that the flyers were "incapable of being taken as factual information." *Id.* at *7-8.

Allegations of defamation regarding humorous statements also raise important First Amendment concerns. In *New Times, Inc.*, 146 S.W.3d at 148-50, a judge and a district attorney sued a newspaper for defamation based upon a fictitious news article regarding the arrest of a first-grader for making terrorist threats in her report on the children's book *Where the Wild Things Are*. In holding that the fake article was not defamatory, the Texas Supreme Court explained that "[h]umor is an important medium of legitimate expression and central to the well-being of individuals, society, and their government. Despite its typical literal 'falsity,' any effort to control it runs severe risks to free expression . . . ." *Id.* at 151.

        b.     *No reasonable listener would perceive Rickey Smiley's radio broadcast statements as factual.*

Plaintiff's claim that Smiley "published statements of fact" by referring to "the gay security guard" during the radio broadcast lacks merit. *Id.* at ¶¶ 13, 15. An audio clip of the February 11, 2009, broadcast referred to by Plaintiff is included and verified in Radio One's appendix. *See* App. 1-2. As Plaintiff admits, he is familiar with *The Rickey Smiley Morning Show* and considers Rickey Smiley to be a "celebrity." *See* Original Petition ¶¶ 11-12. While the morning show includes some local news, weather, and traffic reports, the show consists primarily of comedic banter between Smiley and the other hosts, prank calls, impersonations,

and other antics.[2] Admittedly, some of the show's humor can be crude. But any reasonable listener understands that Smiley's broadcasts are in jest—he is a comedian by trade. Furthermore, the purpose of *The Rickey Smiley Morning Show*, like Jon Stewart's *The Daily Show*, is to entertain an audience. While Smiley's program may offend some, it is nonetheless protected by the First Amendment. Viewed in context of the comedic-nature of the radio show and Smiley's professional background, no reasonable listener would perceive his statements as factual. Plaintiff cannot therefore show any set of facts to establish a defamation claim as to the radio broadcast.

> **(2) Plaintiff's defamation claim should be dismissed because he cannot prove that the broadcast concerns him.**

Defamatory statements must concern or refer to the plaintiff. *See Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893-94 (Tex. 1960). This requirement is met if the statement refers to the plaintiff by name, or those who know the plaintiff understand it to refer to him. *Id.* at 894. The alleged defamatory statement must "point to the plaintiff and no one else." *Houseman v. Publicaciones Paso Del Norte*, 242 S.W.3d 518, 525 (Tex. App.—El Paso 2007, no pet.). Whether a statement concerns the plaintiff is not a subjective test, as some people will always be misled, but objective—whether a reasonable person would have been. *Id.* In *Houseman*, a border patrol agent sued a newspaper after it published an article about another agent accused of drug trafficking. The article was mistakenly accompanied by a photo of the plaintiff—not the accused—but did not identify him by name. *Id.* at 522. The newspaper argued that because the article did not name the plaintiff and his image was not "otherwise famous or widely known," the article did not concern him. *Id.* at 525. The trial court agreed and granted summary

---

[2] The Maya Angelou impersonation is a frequent segment of the show.

judgment for the newspaper. The court of appeals affirmed, explaining that a defamatory statement concerns the plaintiff when a person either "correctly, or mistakenly but reasonably, understands that it was intended to refer[]" to the plaintiff. *Id.*

In this case, Plaintiff cannot allege any facts to prove that Smiley's on-air statements concerned him. "Henry" is a common name, and Smiley never specified a last name. In addition, the reference to a "security guard" at Love Field does not identify Plaintiff with enough particularity to prove that the broadcast concerned him and no one else.

Under *Twombly*, 550 U.S. at 555, a plaintiff's conclusory allegations will not defeat a Rule 12(b)(6) motion. The assumption that "the statements referred to the Plaintiff" is nothing more than speculation. *See* Original Petition ¶ 15. Furthermore, Plaintiff's allegation that other people accosted him after the broadcast does not "raise a right to relief above the speculative level" either. *See Twombly*, 550 U.S. at 555. Objective, reasonable listeners would not perceive Smiley's statements as concerning Henry Robinson. Without being able to establish any facts that the radio broadcast concerned or related to him, Plaintiff cannot establish a claim for defamation on this basis.

(3) **Plaintiff's defamation claim as related to Smiley's airport statements should be dismissed against Radio One because it did not publish any statements.**

The publication of a statement is fundamental to a defamation claim. *See WFAA-TV, Inc.*, 978 S.W.2d at 571 (noting that the first element is a "published statement"). Radio One neither made nor published any statements about Plaintiff at Dallas Love Field Airport, and the Original Petition does not assert that it did. Specifically, in Paragraphs 11 and 12, Plaintiff alleges that "Smiley entered into the airport after disembarking from his plane," and that Plaintiff recognized him and made two requests to take a photo. After the second request, Plaintiff alleges that " . . . Smiley made these false allegations concerning Robinson's sexual

orientation[.]" Original Petition ¶ 12. Aside from the fact that this claim lacks merit and did not cause Plaintiff injury, the occurrence did not involve Radio One. Plaintiff failed to allege any facts to establish Radio One's liability for the airport statements, and no amendments to the complaint could cure this defect. Dismissal is proper, therefore, as to Radio One.

## V. CONCLUSION

For all of the foregoing reasons, Defendant Radio One respectfully requests that this Court dismiss Plaintiff's Original Petition in its entirety as to Defendant Radio One, with prejudice.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: _____
Victor D. Vital
State Bar No. 00794798
Emily A. Cook
State Bar No. 24058466
2001 Ross Avenue
Dallas, Texas 75201-2980
(214) 953-6832
(214) 661-4832 (Facsimile)

**ATTORNEYS FOR DEFENDANT
RADIO ONE OF TEXAS II, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Petition for Failure to State a Claim, with Brief in Support, was served on the following attorney of record by certified mail, return receipt requested on this 1st day of July, 2009.

Christopher L. Graham, Esq.
Lauren Graham & Associates, PLLC
400 N. St. Paul Street, #1000
Dallas, Texas 75201

_____
Victor D. Vital

**DEFENDANT RADIO ONE'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION FOR FAILURE TO STATE A CLAIM, WITH BRIEF IN SUPPORT**
DAL01:1087340.3

Page 10