IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY J. ROBINSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:09-CV-1203-O |
| | § | |
| RADIO ONE, INC. AND RICKEY | § | |
| SMILEY | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Motion to Remand and Brief in Support ("Pl's Mot.") (Doc. #6), Defendant Radio One Inc.'s Response ("Def's Resp.") (Doc. #7), and Defendant's Appendix ("Def's App.") (Doc. # 7, Attachment 1). Having reviewed these filings and the applicable law, the Court finds as follows.

### I. Factual and Procedural Background

This action arises out of the allegedly defamatory statements made by Defendant Rickey Smiley ("Smiley") regarding Plaintiff Henry J. Robinson ("Plaintiff"). Smiley is a nationally known comedian and radio personality. Defendant Radio One ("Radio One") owns and operates 97.9 The Beat, a Dallas based radio station, which broadcasts a morning radio show, featuring Smiley.

On May 12, 2009, Plaintiff initiated this suit in the 193rd Judicial District in Dallas County, alleging that statements made by Smiley were defamatory and caused him injury. Both Smiley and Radio One were named as defendants. On June 26, 2009, Radio One removed the state court action to federal court, alleging that complete diversity exists because Defendant Radio One is a Delaware limited liability company, whose sole member is Radio One, Inc., a Delaware corporation, with its principal place of business in Maryland. *See* Notice at 2 (Doc. #


1). Defendant Smiley is a citizen of Alabama. *Id*. Radio One also asserts that the amount in controversy in this action exceeds $75,000. *Id*. at 2-4.

Plaintiff filed the present motion seeking to remand this action on the grounds that this lawsuit does not involve diverse parties and the amount in controversy is not sufficient for federal jurisdiction. Pl's Mot. at 2-4. Radio One responds that diversity jurisdiction exists because all parties are diverse, with Plaintiff a citizen of Texas, Radio One a citizen of Delaware and Maryland, and Smiley a citizen of Alabama. Def's Resp. at 3-5. Radio One also responds that the amount in controversy exceeds $75,000, establishing jurisdiction in this Court. *Id.* at 6-9.

**II. Legal Standard for Remand**

A federal court has original subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, as well as over cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.

The federal removal statute, 28 U.S.C. § 1441, allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. The defendant carries the burden of establishing that removal is proper. *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993). Further, any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 282 (5th Cir. 2007).

**III. Analysis**

    **1. Diversity of Citizenship**

Plaintiff, a citizen of Texas, asserts that the Defendants in this action are also citizens of Texas. Pl's Mot. at 2-3. As such, Plaintiff argues that diversity of citizenship is not present in

this dispute and thus remand is required. *Id.* Radio One counters by asserting that it, and Defendant Smiley, are not citizens of Texas. Def's Resp. at 3.

Radio One is a limited liability company so its citizenship is based upon the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (the citizenship of a LLC is the same as the citizenship of all its members). Radio One's sole member is Radio One, Inc., a Delaware corporation with its principal place of business in Maryland. *See* Def's App. at 4-7. A corporation is a citizen of both its state of incorporation and the state where it has its principle place of business. *See* 28 U.S.C. § 1332(c)(1). Accordingly, the Court determines that Radio One is a citizen of Delaware and Maryland. *See* Def's App. at 1-11. Thus, Radio One enjoys a diverse citizenship from that of Plaintiff.

The Court now analyzes the citizenship of Defendant Smiley for determining diversity jurisdiction. The citizenship of an individual is based upon domicile, which is where the party is physically located and intends to remain permanently. *See Coury v. Prot*, 85 F.3d 244, 249-50 (5th Cir. 1996). Ownership of real and personal property, payment of taxes, and the maintenance of a home, all can be demonstrative of intent to remain. *Id.* at 251. Radio One asserts that Smiley is a citizen of Alabama and has presented evidence demonstrating that Smiley owns a home, pays property taxes, and is an agent of an Alabama corporation. Def's Resp. at 5; *See* Def's App. at 11-34. Based on the foregoing, the Court finds that Smiley is a citizen of Alabama for assessing diversity of jurisdiction.

Because the parties in this action are from different states, the Court finds that diversity jurisdiction exists.

2. **Amount in Controversy**

Plaintiff's original complaint did not specify a dollar amount of recovery being sought. Plaintiff now seeks to have this case remanded, arguing that he is not seeking more than the jurisdictional amount of $75,000.  Pl's Mot. at 5.

When the plaintiff's state court petition does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in order to establish jurisdiction.  *See Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993) (*De Aguilar I*).  The court will then determine if removal is proper by determining whether it is "facially apparent" from the state court petition that the claim exceeds $75,000.  *Id.*  If the amount is not facially apparent, "a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy . . . that support a finding of the requisite amount."  *Id.*  If a defendant shows by a preponderance of the evidence that the amount in controversy exceeds $75,000, removal is proper unless the plaintiff shows that "it is legally certain that his recovery will not exceed the amount stated in the State complaint."  *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411-12 (5th Cir. 1995).

Defendant Radio One asserts that Plaintiff is seeking upwards of $75,000 in damages. *See* Def's Resp. at 6-7.  In support of removal Defendants rely on the damages sought in Plaintiff's original complaint and a letter offering to settle the case for $90,000.  Def's Resp. at 6-9; Def's Removal Not. at Ex. A (Doc. #1).  Plaintiff asserts that Radio One has not produced evidence that the amount in controversy meets the jurisdictional requisite of $75,000.  Pl's Mot. at 4.  Specifically, Plaintiff disputes Defendant's calculation of damages sought by Plaintiff and argues that settlement offer letter is inadmissible under Federal Rule of Evidence 408.  Pl's Mot. 4-5.

Plaintiff's original complaint sought damages for loss of earnings in the past, loss of future earning capacity, and future and past mental anguish. *See* Notice of Removal at Ex. D, Pl's Orig. Pet. (Doc. #1). Based on the injuries alleged in Plaintiff's original complaint, both parties have asserted a way to calculate damages in this case. Their calculations, however, are no more than conclusory statements based upon loose and highly speculative analysis. Accordingly, the Court will not consider the parties speculative suppositions of damages as evidence in deciding whether the Plaintiff's claim meets the requisite jurisdictional amount. *See Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993).

The Court now addresses whether it should consider Plaintiff's settlement offer in establishing jurisdiction. Plaintiff asserts that the settlement offer is not admissible because Federal Rule of Evidence 408 makes offers of settlement inadmissible when offered to prove the amount of a disputed claim. Pl's Mot. at 4. In addition, Plaintiff asserts that 408(b) enumerates permitted uses of settlement offers and argues that presenting such offers to prove an amount of a disputed claim is not enumerated in 408(b). Pl's Mot. at 5.

Radio One argues that Rule 408 expressly permits the use of settlement offers when the offer is not used to prove the amount of liability. Def's Resp. at 8. Radio One also asserts that their submission of Plaintiff's settlement demand letter was to show Plaintiff's valuation of his claim is likely $90,000, which is above the requisite amount for jurisdiction, rather than to show proof of liability. Def's Resp. at 8.

Rule 408 says that a settlement offer is not admissible "to prove liability for or invalidity of the claim or its amount." *See* Fed. R. Evid. 408(a); *see also Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006). Here, Radio One has presented the offer to assist the

Court in assessing the value of the Plaintiff's claim for jurisdictional purposes as opposed to using it to show either its own liability or the invalidity of Plaintiff's claim, therefore admissibility of the offer turns on whether settlement offers are admissible when offered to establish jurisdiction.

The Fifth Circuit Court of Appeals has specifically noted that several of its sister courts have considered settlement offers in determining jurisdiction. *Pollet v. Sears Roebuck and Co.*, 2002 WL 1939917 at *1 n.5 (5th Cir. 2002). Specifically, the Fifth Circuit has looked favorably upon the proposition that while a settlement offer may not be determinative of the amount in controversy, it may "count for something and may be considered relevant if it appears to reflect a reasonable estimate of the plaintiff's claim." *Id.* (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.3 (9th Cir. 2002)). Moreover, post-removal affidavits or other evidence may be considered if they shed light on the amount in controversy at the time of removal. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57-58 (5th Cir. 1993).

The settlement offer letter was sent by Plaintiff on June 20, 2009, and this action was removed to this Court on June 26, 2009. In the letter Plaintiff alleged injury from defamatory statements made by Defendant Smiley and offered to settle the case for $90,000. *See* Def's Removal Not. at Ex. A (Doc. #1). In addition, the letter discussed verdicts in other defamation cases where plaintiffs were awarded damages well above the requisite jurisdictional amount of $75,000. *Id*. at 4-5. As observed, Radio One produced Plaintiff's pre-removal settlement offer letter which demonstrates that Plaintiff's own valuation of his claim exceeds $75,000. Therefore, the letter does shed light on the amount in controversy and serves as "valuable evidence to indicate the amount in controversy at the time of removal." *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994). Furthermore, given that the offer appears "to reflect a reasonable estimate of

the plaintiff's claim," it is due consideration. *Pollet v. Sears Roebuck and Co.,* 2002 WL 1939917 at *1 (5th Cir. 2002). Accordingly, upon consideration of the settlement offer, this Court finds that the amount in controversy meets the minimum for jurisdiction.

Because Defendants have met their burden, Plaintiff can only defeat removal by proving to a legal certainty that the damages sought are below $75,000. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411-12 (5th Cir. 1995). To defeat removal Plaintiff could have filed a binding stipulation or affidavit with their original complaint which limited their recovery to less than the jurisdictional amount. *Id.* at 1412; *see also Watson v. Provident Life & Accident Ins. Co.*, 2009 WL 1437823, at *7 (N.D. Tex. May 22, 2009). However, Plaintiff did not file a binding stipulation or affidavit that he will not recover more than $75,000. Therefore, Plaintiff has failed to show, to a legal certainty, that he will recover less than $75,000. Thus, the Court finds that Plaintiff has failed to defeat removal by proving to a legal certainty that the damages sought are below $75,000 and Defendant has shown by a preponderance of the evidence that the amount in controversy meets the requisite for jurisdiction. *See De Aguilar I,* 11 F.3d at 58.

### IV. Conclusion

Based on the forgoing, the Court finds that diversity of citizenship exists between the parties in this case, and that Defendant has shown by a preponderance of the evidence that the amount in controversy satisfies the statutory requirement. *De Aguilar I,* 11 F.3d at 58. Accordingly, Plaintiff's Motion to Remand (Doc. # 6) is **DENIED**.

So ORDERED this 7th day of December, 2009.

*[signature]*
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**